IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOE BEN CONLEY, #226 003, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:17-CV-571-WKW |
| ) | [WO] |
| FORMER MAYOR MIKE SCHMITZ, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 42 U.S.C. § 1983 amended complaint filed by Joe Conley, a state inmate, on August 24, 2017.[1] The named defendants are former Mayor Mike Schmitz, City Manager Mike West, Lieutenant Ray Mock, Investigator William Traynham, and Chief of Police Steve Parrish. Conley alleges that these defendants violated his Fourteenth Amendment rights to due process and equal protection by breaching a "verbal contract/agreement" and through misrepresentations. Conley requests damages from the named defendants for failing to execute their oath of office faithfully leading to violations of his constitutional rights and later to his incarceration. Conley requests trial by jury. Doc. 9. Upon review, the court concludes that Conley's complaint

---

[1] Conley initiated this action on July 14, 2017, in the Circuit Court for Houston County, Alabama. On August 21, 2017, Plaintiff filed a "Motion to Transfer to Federal Court Pursuant to 42 U.S.C. Sec. 1983." Although there is no provision or authority for transferring an action from state to federal court under § 1983, the state court granted Conley's request. *See* Doc. 1. On October 13, 2017, this court directed Conley to file an amended complaint. Doc. 6. Conley complied with the October 13 order by filing an amended complaint on November 15, 2017. Doc. 9.

is due to be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).[2]

## I.   DISCUSSION

**A.   Standard of Review Under 28 U.S.C. § 1915(e)(2)(B)**

Because Conley is proceeding *in forma pauperis*, the court reviews his amended complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of any action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless."[3] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations. *Clark v. Ga. Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on

---

[2] Conley sought leave to proceed *in forma pauperis*. Doc. 3.  The court granted Conley *in forma pauperis* status except to the extent he was required to pay an initial partial filing fee. Doc. 4.  Conley paid the requisite initial partial filing fee. Doc. 5.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[3] A complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)); *see Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

**B.    The Challenged Conviction**

Conley alleges that, on May 29, 2016, he and Defendant Traynham, an investigator with the Dothan Police Department, made an agreement that Conley would not be charged with a drug offense if Conley provided Traynham with credible information regarding the names of drug dealers. Conley maintains that he provided the requested information and was released without being charged for drug possession. Six months later, on November 30, 2016, Traynham breached the agreement by issuing a warrant for Conley's arrest on a drug possession charge. Conley contends that Traynham's actions violated his Fourteenth Amendment rights to due process and equal protection and resulted in a "subsequent loss of [his] liberty." Doc. 9 at 3 & 5.

Conley's request for damages in this § 1983 action is due to be dismissed. The Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477 (1994), bars Conley's Fourteenth Amendment claims to the extent he contends that he is wrongfully imprisoned

on the challenged drug offense. Among other offenses, Conley is incarcerated on a conviction for possession of a controlled substance entered against him by the District Court for Houston County for which he was sentenced on November 8, 2017 to a concurrent term of 90 months.[4] Without an invalidation of this conviction, Conley's claims provide no basis for relief. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck,* 512 U.S. 477; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Applicable federal law establishes that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks an immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481 (citing *Preiser*, 411 U.S. at 488–90). The decision in *Heck* expounded on *Preiser* in holding that claims for damages challenging the legality of a prisoner's conviction or confinement, even where the prisoner has exhausted available remedies, are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed [by a state court], expunged [by executive order], invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487.

In *Balisok,* the Court further concluded that an inmate's "claim[s] for declaratory

---

[4] Conley's conviction record is available at http://www.doc.state.al.us. *See United States v. Rey*, 811 F.2d 1453, 1457 n. 5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

[and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983" unless the inmate can demonstrate the challenged action has been invalidated. *Balisok*, 520 U.S. at 648.  The Supreme Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645.  When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge that could entitle him to an immediate or earlier release, his sole federal remedy is a writ of habeas corpus. *Id*. at 648; *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser*, 411 U.S. at 489.  The court "reemphasize[d] that . . . a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649; *see also Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*, 520 U.S. at 646–48, and holding that "[i]t is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit"); *Miller v. Indiana Dept. of Corrs.*, 75 F.3d 330, 331 (7th Cir. 1996) (holding that, under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge").

    Conley's claims concern matters related to the validity and the legality of his confinement.  It is clear from the amended complaint that Conley's the drug possession conviction has not been invalidated in an appropriate proceeding.  Consequently, the instant collateral attack on this conviction is prohibited because habeas corpus is the

exclusive remedy for a state prisoner who challenges the validity or duration of his confinement. *Balisok*, 520 U.S. at 645–46; *Heck*, 512 U.S. at 487; *Preiser*, 411 U.S. at 488–90; *Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989). These claims, therefore, are subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Respondeat Superior**

Conley complains that Defendants Schmitz, West, Parrish, and Mock—as executive officers, judicial superiors, and supervisors—failed to implement policies and procedures designed to protect confidential informants from violations of their constitutional rights. To the extent Conley seeks to hold Defendants Schmitz, West, Parrish, and Mock liable on the basis of *respondeat superior*, this claim entitles him to no relief.

In a § 1983 action, liability against a supervisor cannot be based on a subordinate's or an employee's actions. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691–92 (1978) (holding that the doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (holding that 42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under a theory of *respondeat superior* or vicarious liability). That Defendants Schmitz, West, Parrish, and Mock hold supervisory positions is insufficient to establish liability. Instead, the language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he

6

"personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions . . . and the alleged constitutional deprivation"). The law of the Eleventh Circuit directs "that the inquiry into causation must be a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation." *Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir. 1982). Absent some allegation that Defendants Schmitz, West, Parrish, or Mock knew of, sanctioned, participated in, or were otherwise "affirmatively linked" to the acts about which Conley complains, the claim against them is insufficient to state a claim for relief under § 1983. *See Gilmere v. City of Atlanta*, 774 F.2d 1495, 1504 (11th Cir.1985). In light of the foregoing, Conley's challenge against Defendants Schmitz, West, Parrish, and Mock on the basis of *respondeat superior* is subject to dismissal under § 1915(e)(2)(B)(ii).

**D.    State-Law Claims**

To the extent Conley's allegations against the named defendants implicate state tort law, a review of these claims is only appropriate upon exercise of this court's supplemental jurisdiction. A federal court, however, should generally dismiss pendent state-law claims upon the dismissal of all federal claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

For a federal court "[t]o exercise [supplemental] jurisdiction over state law claims not otherwise cognizable in federal court, the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a common nucleus of operative fact." *L.A. Draper & Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th

7

Cir. 1984) (internal quotation marks and citations omitted). Exercising supplemental jurisdiction is discretionary. *Gibbs*, 383 U.S. at 726. "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper & Son*, 735 F.2d at 428; *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) ("encourag[ing] district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial"). Because the court recommends the resolution of all federal claims, any supplemental state tort claims Conley seeks to present are due to be dismissed. *Gibbs*, 383 U.S. at 726 (holding that, if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tenn. Valley Auth.*, 677 F.2d 818 (11th Cir. 1982).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's challenges to the validity of the 2017 drug possession conviction entered against him by the Circuit Court for Houston County be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because these claims are not properly before the court at this time;

2. Plaintiff's *respondeat superior* claim against Defendants Schmitz, West, Parrish, and Mock be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

3. Plaintiff's state-law claims be DISMISSED without prejudice;

4. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further ORDERED that **on or before March 13, 2018**, Plaintiff may file an

objection to the Recommendation.  Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 27th day of February, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE